**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| A.M., a minor, by and through her natural mother and next friend Shawana Wenski, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. 4:06CV235-DJS |
| JANSSEN PHARMACEUTICA, L.P., DR. KENNETH D. GRADY, and DR. REGINA BROWN CAROLINA, ) ) ) ) | |
| Defendants. ) | |

## ORDER

Plaintiff filed the instant action in the Circuit Court of the City of St. Louis, asserting claims including strict products liability, fraud and negligence against defendant Janssen Pharmaceutica, L.P. relating to Janssen's manufacture and sale of the drug Risperdal. The petition also asserts negligence claims against two individual physician defendants, Dr. Kenneth D. Grady and Dr. Regina Brown Carolina, and alleges that in treating plaintiff the physician defendants fell below the standard of care in a number of ways, including by failing to properly monitor plaintiff after prescribing Risperdal and failing to properly follow drug packaging when prescribing Risperdal. Defendant Janssen removed the case to this Court on February 21, 2006, alleging that diversity of citizenship supports federal jurisdiction because the non-diverse physician defendants are

fraudulently joined and are fraudulently misjoined with plaintiff's claims against Janssen.

On February 2, 2006, an order was entered consolidating other like cases filed against defendant Janssen and a physician defendant for the limited purpose of considering and ruling on motions for remand filed in each case. On March 3, 2006, the Honorable Henry E. Autrey of this Court granted the motions to remand in each of the consolidated cases. *See* K.B. v. Janssen Pharmaceutica, L.P., No. 4:05CV1914-HEA, 2006 WL 54015 (E.D. Mo. March 3, 2006). Plaintiff's motion to remand is now before the Court, relying in part upon Judge Autrey's analysis and conclusion in favor of remand in the analogous consolidated cases. Upon review of the parties' filings and Judge Autrey's opinion of March 3, 2006, this Court is persuaded that this case should be remanded.

"Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002). Plaintiff's allegations against defendants Dr. Grady and Dr. Carolina, even as briefly summarized above, provide a reasonable basis in law and fact supporting plaintiff's claims against those defendants. As Judge Autrey found, such allegations state a plausible claim against a physician given the duty and standard of care applicable under Missouri law. Because the physician defendants were not

2

fraudulently joined, complete diversity of citizenship between the parties does not exist.  Neither is the Court persuaded by Janssen's fraudulent misjoinder argument.  Given the common thread of the prescription drug Risperdal, the claims against the physician defendants arise out of the same series of occurrences as plaintiff's claims against Janssen.  This Court will grant plaintiff's motion to remand.  Because the motion to remand presents a threshold question which is dispositive of this Court's exercise of jurisdiction in this case, the Court does not reach defendant Carolina's motion to dismiss or in the alternative for a more definite statement, and will deny the motion without prejudice to its being refiled in the state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #9] is granted.

**IT IS FURTHER ORDERED** that defendant Carolina's motion to dismiss or in the alternative for a more definite statement [Doc. #15] is denied without prejudice to being refiled in the state court.

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court of the City of St. Louis.

Dated this ___1st___ day of May, 2006.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE